IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDMOND KENNIES BURKE, #299404, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CIV. A. NO. 17-0101-CG-MU |
| WARDEN PHYLLIS BILLUPS, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Edmond Kennies Burke, a state prisoner presently in the custody of the

respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28

U.S.C. § 2254. (Doc. 1). This matter has been referred to the undersigned for the entry

of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the

Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). Burke challenges

his convictions and sentences on charges of trafficking in cocaine, possession of a

controlled substance, and second-degree possession of marijuana. Having carefully

reviewed the record, Burke's petition, Respondent's answer, and all exhibits filed in this

matter, the undersigned finds that there are sufficient facts and information upon which

the issues under consideration may be properly resolved. Therefore, no evidentiary

hearing is required. Based upon the undersigned's review, it is recommended that the

instant petition be denied for the reasons set forth below.

## I. PROCEDURAL HISTORY

Burke, a former Prichard police officer, was convicted of trafficking in cocaine,

possession of a controlled substance, and second-degree possession of marijuana on April 13, 2015 in the Circuit Court of Mobile County, Alabama, and was sentenced to 25 years for the trafficking conviction, 10 years for the controlled substance conviction, and 12 months for the marijuana conviction, to run concurrently. (Doc. 1 at p. 2; Doc. 7-8 at pp. 2-3). Burke appealed his convictions to the Alabama Court of Criminal Appeals, asserting the following claims: 1) the trial court erred in allowing the State to introduce recorded telephone calls into evidence, and 2) the trial court erred in denying his motion for judgment of acquittal regarding his trafficking charge because there was no evidence that he was in constructive possession of the cocaine nor was their evidence that he had knowledge of the cocaine in the bag. (Doc. 7-7). The Alabama Court of Criminal Appeals affirmed the convictions in an unpublished memorandum opinion. *See Burke v. State*, CR-14-0989 (Ala. Cr. App. Oct. 16, 2015) (mem. op.) (Doc. 7-8). Burke's application for rehearing was overruled on November 6, 2015. (Doc. 1 at p. 3; Doc. 7-9 and 7-10). He filed a petition for certiorari in the Alabama Supreme Court, asserting that the decision of the Alabama Court of Criminal Appeals was in direct conflict with a prior decision on the same point in *Ingle v. State*, 415 So. 2d 1225, 1228-29 (Ala. Cr. App. 1982), which held that a conspiracy must be proved by independent evidence before hearsay statements of co-conspirators are admissible and that the statements themselves cannot form the evidentiary basis of the conspiracy. (Doc. 7-11). The writ was initially granted; however, after submission of Burke's brief, the Alabama Supreme Court quashed the writ. (Docs. 7-13, 7-14). On April 22, 2016, the Alabama Court of Criminal Appeals entered a certificate of judgment. (Doc. 7-15). There is no evidence that Burke sought review in the United States Supreme Court.

Burke filed a timely Rule 32 petition in the Mobile County Circuit Court on May 16, 2016, asserting the following claims: 1) he was denied effective assistance of counsel, 2) the trial court did not properly instruct the jury concerning the possession of marijuana charge, 3) the trial judge made prejudicial statements during trial; namely, that Prichard, where Burke was born and lived, is the third most dangerous city in the country, 4) the trial court was without jurisdiction to render the judgment or to impose the sentence because the trial court did not properly qualify the jury venire, 5) the trial court was without jurisdiction to render the judgment or to impose the sentence because informant Zavala was part of the investigation, but his legal immigration status had not been established, and 6) he was actually innocent. (Doc. 7-17 at pp. 52-71). The Circuit Court dismissed Burke's Rule 32 petition on September 1, 2016. (Doc. 7-17 at pp. 148-51). On September 14, 2016, Burke appealed that ruling to the Alabama Court of Criminal Appeals. (Doc. 7-17 at p. 157). The Court of Criminal Appeals affirmed the judgment of the Circuit Court dismissing Burke's Rule 32 petition on December 9, 2016. *Burke v. State of Alabama*, CR-15-1469, __ So. 3d ___ (Ala. Cr. App. Dec. 9, 2016) (mem. op.). On December 16, 2016, Burke filed an application for rehearing, which was overruled by the Alabama Court of Criminal Appeals on January 6, 2017. (Docs. 7-20, 7-21). Burke filed a Petition for Writ of Certiorari to the Supreme Court of Alabama on January 17, 2017. (Doc. 7-22). The writ was denied by the Alabama Supreme Court, and a Certificate of Judgment was entered on February 10, 2017. (Docs. 7-23, 7-24).

On March 2, 2017, Burke filed the instant Petition for Writ of Habeas Corpus. (Doc. 1). Burke asserts the following claims in support of his petition: 1) the trial court erred when it allowed the State to introduce certain recorded telephone calls; 2) the trial

3

court erred when it denied Burke's motion for judgment of acquittal; 3) the trial court was without jurisdiction because it did not properly qualify the jury venire and because it allowed an informant to participate in the investigation who had an issue pending with immigration; 4) the trial court erred by answering a jury question about the jury instructions after the verdict had been returned; 5) the trial judge made prejudicial statements to the jury; 6) he is actually innocent; 7) he was given ineffective assistance of counsel; 8) the trial court abused its discretion in not considering Burke's reply to the State's response to his Rule 32 petition and by not conducting an evidentiary hearing; and 9) the trial court erred because it adopted "nearly verbatim" the State's response as its order dismissing the Rule 32 petition. (Doc. 1 at pp. 7-8, 13-16).

## II. CONCLUSIONS OF LAW

"[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks and citation omitted)). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 545 (11th Cir. 1992), *quoted in Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010).

"A habeas petitioner is required to initially present his federal claims to the state courts, and to exhaust all of the procedures available in the state court system, before seeking relief in federal court." *James v. Culliver*, Civ. A. No. CV-10-S-2929-S, 2014 WL 4926178, at *5 (N.D. Ala. Sept. 30, 2014) (citing 28 U.S.C. § 2254(b)(1); *Medellin v. Dretke*, 544 U.S. 660, 666 (2005) (holding that a petitioner "can seek federal habeas relief only on claims that have been exhausted in state court")). The petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and citations omitted). To satisfy this requirement, state courts "must … be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. at 366. The petitioner must also present "his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "Federal courts are not forums in which to relitigate state trials." *Smith v. Newsome*, 876 F.2d 1461, 1463 (11th Cir. 1989) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

In addition to the bar created by a failure to exhaust state court remedies, a prisoner's claims can also be barred from federal court review by the doctrine of procedural default. A petitioner will be deemed to have procedurally defaulted a claim if the petitioner "fails to initially present a federal claim to the state courts at the time, and

5

in the manner, dictated by the state's procedural rules," and the state court thus decides "that the claim is not entitled to review on its merits." *James*, 2014 WL 4926178, at *6. "Generally speaking, if the last state court to examine a claim states, clearly and explicitly, that the claim is barred because the petitioner failed to follow state procedural rules, *and* that procedural bar provides an *adequate* and *independent* state ground for denying relief, then federal review of the claim also is precluded by the procedural default doctrine." *Id*. (emphasis in original).

If the petitioner's claim has been properly brought before the State courts and adjudicated on the merits in State court proceedings, a writ may issue only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d); *see also Jones v. Sec'y, Dep't of Corr.,* 644 F.3d 1206, 1209 (11th Cir. 2011) (stating that "under AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court … or that it 'involved an unreasonable application' of such law … or that it was 'based on an unreasonable determination of the facts' in the light of the record before the court (internal citations omitted)).

> "A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a

relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dep't of Corr.,* 578 F.3d 1227, 1247 (11th Cir. 2009) . . . . A state court decision involves an unreasonable application of federal law when "it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) . . . . The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*Spencer v. Sec'y, Dep't of Corrections,* 609 F.3d 1170, 1177-1178 (11th Cir. 2010), *cert. denied,* 562 U.S. 1203 (2011); *see also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) ("Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.").

As to findings of fact reviewed under 28 U.S.C. § 2254(d)(2), a federal court determines whether the state court's finding "'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Callahan v. Campbell,* 427 F.3d 897, 926 (11th Cir. 2005) (quoting § 2254(d)(2)). In making such an assessment, the federal court must presume as correct all determinations of factual issues made by a state court. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and

convincing evidence. *Id*.; see *also Miller-El v. Cockrell,* 537 U.S. 322, 339 (2003) (noting

that "[f]actual determinations by state courts are presumed correct absent clear and

convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the

merits in a state court and based on a factual determination will not be overturned on

factual grounds unless objectively unreasonable in light of the evidence presented in the

state-court proceeding, § 2254(d)(2)").

> When evaluating whether a state court's decision "was based on an
> unreasonable determination of the facts in light of the evidence presented
> in the State court proceeding" under § 2254(d)(2), "[w]e may not
> characterize . . . state-court factual determinations as unreasonable
> 'merely because [we] would have reached a different conclusion in the first
> instance.'" Section 2254(d)(2), like § 2254(d)(1), requires that federal
> courts afford state court factual determinations "substantial deference." If
> "[r]easonable minds reviewing the record might disagree about" the state
> court factfindng in question, "on habeas review that does not suffice to
> supersede" the state court's factual determination. We also presume
> findings of fact made by state courts are correct, unless a petitioner rebuts
> that presumption by clear and convincing evidence.

*Daniel v. Comm'r, Ala. Dep't of Corr.,* 822 F.3d 1248, 1259 (11th Cir. 2016) (internal

citations omitted).

Turning to the case at hand, Burke does not directly identify whether the findings

of the Alabama Court of Criminal Appeals challenged herein were "contrary to" or

involved an unreasonable application of clearly established Federal law, as determined

by the Supreme Court of the United States, § 2254(d)(1), or were based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding, § 2254(d)(2); instead, Burke simply reiterates the various arguments

he has made to the state courts concerning the trial court's errors. The Court will address

each of these alleged errors in turn.

## A. <u>Introduction of Telephone Calls</u>

Burke alleges that the trial court erred when it allowed the introduction of recorded telephone calls between Darrin Southall, a federal inmate who reported Burke's illegal activity to a Mobile County Sheriff's Office narcotics investigator, and Raymond Williams, Burke's cousin and co-conspirator, discussing arrangements for picking up and transporting cocaine. (Doc. 1 at p. 7; Doc. 7-8 at pp.3-5). Burke raised this issue in his direct appeal to the Alabama Court of Criminal Appeals, arguing that the conversations were inadmissible hearsay. (Doc. 7-8 at p. 5). The Alabama Court of Criminal Appeals noted that, pursuant to Rule 801(d)(2)(E) of the Alabama Rules of Evidence, the recordings were admissible as "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." (*Id*.). The Court found that the trial court acted within its discretion when it allowed the recorded telephone conversations into evidence because the recorded statements were made in furtherance of the conspiracy, the statements occurred during the pendency of the conspiracy, and there was independent evidence that showed that Burke was a part of the conspiracy. (*Id*. at pp. 6-7). Burke filed a petition for a writ of certiorari to the Alabama Supreme Court, arguing that, under *Ingle v. State*, 412 So. 2d 225 (Ala. Crim. App. 1982), the trial court erred by allowing introduction of the recordings prior to the introduction of any independent evidence of the conspiracy and by allowing the introduction of recordings that were made before he entered into the conspiracy. (Doc. 7-11 at pp. 4-8). The Alabama Supreme Court initially granted the petition, but after briefing, quashed the writ without opinion. (Docs. 7-12, 7-14).

Burke now seeks relief based upon this ground pursuant to § 2254. Burke alleges that the trial court erred when it allowed recordings of the telephone calls into evidence because the recordings constituted impermissible hearsay. (Doc. 1 at p. 7). Burke does not allege in his petition that the trial court's error in allowing the recordings to be introduced into evidence violates any federal right. Before the Alabama Court of Criminal Appeals, Burke's sole argument with regard to the recordings was that the trial court erred in allowing the evidence because the recordings were impermissible hearsay. (Doc. 7-7). In his petition for a writ of certiorari to the Alabama Supreme Court and in his brief in support thereof, Burke again only made the hearsay argument. (Doc. 7-11). Because this ground is based solely upon an alleged misapplication of state law and no federal ground is, or has been, raised, this alleged error does not support habeas relief under § 2254. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)).

## B. Denial of Judgment of Acquittal

Burke alleges that he is entitled to habeas relief because the trial court erred when it denied his motion for a judgment of acquittal because there was no direct or circumstantial evidence showing that he had any knowledge of the cocaine found in Williams's bag. (Doc. 1 at p. 7). In his direct appeal to the Alabama Court of Criminal Appeals and in his application for rehearing, Burke phrased this argument as insufficiency of the evidence to support the verdict. (Docs. 7-7; 7-9). The Alabama Court of Criminal Appeals reviewed the evidence and concluded that there was sufficient evidence to convict Burke of trafficking in cocaine. (Doc. 7-8 at pp. 13-14). Burke did not raise this claim before the Alabama Supreme Court. Burke did not make any argument

10

that this error violated his federal due process or any other constitutional rights nor did he cite any federal case law in this Court or in the state courts. Thus, because this ground, too, is based upon an alleged misapplication of state law, not federal law, it does not support habeas relief under § 2254. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). In addition, this claim is also procedurally barred from federal habeas review because Burke failed to exhaust the state court remedies by not making the state courts aware that his claim included a federal law claim. *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 451 (11th Cir. 2015).

## C. Court Was Without Jurisdiction

Burke argues in his petition that the trial court was without jurisdiction to render judgment or impose his sentence because 1) it never ascertained that prospective jurors met the residency requirements and 2) it never ascertained that informant Hector Zavalas was a legal person to participate in a sting operation due to a pending issue with immigration. (Doc. 1 at p. 8). Burke first raised this issue in a Rule 32 petition filed in the Circuit Court of Mobile County and reiterated it on appeal to the Alabama Court of Criminal Appeals. (Docs. 7-17 at pp. 12, 53, 57-58; 7-18 at pp. 9, 14-16). The Circuit Court summarily denied his Rule 32 petition without discussion of this issue. (Doc. 7-17 at p. 148). The Alabama Court of Criminal Appeals did not consider the informant issue because it determined that, under Alabama law, the issue was deemed abandoned since Burke did not pursue the claim in his brief on appeal. (Doc. 7-19 at p. 5). With regard to the juror issue, the Court of Criminal Appeals found that Burke failed to state a claim and failed to raise a material issue of law or fact. (*Id*. at pp. 6-7). Burke also raised the same claim in the Alabama Supreme Court in his petition for certiorari, which the Court denied

11

with no opinion. (Doc. 7-22 at pp. 17-20; Doc. 7-23 at p. 2). Burke did not allege or argue in any court, nor has he asserted in the instant petition, that his arguments concerning juror qualifications or the legality of the informant were based on a violation of federal law. Accordingly, this claim does not support relief under § 2254. 28 U.S.C. § 2254(a); *see Wilson*, 562 U.S. at 5; *Preston*, 785 F.3d at 451.

### D. Improper Jury Instructions

Burke argues in his § 2254 petition that the trial court gave the jury improper instructions. (Doc. 1 at p. 8). Specifically, he alleges that, after the jury found him guilty, the trial court gave the jury an answer to a question that they had asked during deliberations, but the court could not answer before the verdict. (*Id.*). Burke first raised this issue in his Rule 32 petition. (Doc. 7-17 at pp. 59-60). Citing Alabama law only, Burke asserted that the trial court's answering of the question after the verdict was announced showed that the jury was not fully apprised of the law with regard to the possession of marijuana charge. (*Id.*). The trial court found that this claim was precluded because it was not raised at trial or on direct appeal and also found that it was deficient because it failed to state a claim or raise a material issue of law or fact. (Doc. 7-17 at p. 149). The Court of Criminal Appeals found that, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, this claim was procedurally barred and, furthermore, that Burke failed to set forth the facts of the claim with specificity. (Doc. 7-19 at pp. 7-8). Burke did not allege or argue in any court, nor has he asserted in the instant petition, that his argument concerning alleged improper jury instructions was based on a violation of federal law. Accordingly, this claim does not support relief under § 2254. 28 U.S.C. § 2254(a); *see Wilson*, 562 U.S. at 5; *Preston*, 785 F.3d at 451.

### E.  Prejudicial Statements Made During Trial

In his petition, Burke alleges that the trial judge's statement that Prichard was the third most dangerous city in the country conveyed to the jury the idea that, since Burke was from Prichard, he was guilty. (Doc. 1 at p. 13). Burke raised this issue in his Rule 32 petition, arguing that this statement by the trial judge was prejudicial and citing an Alabama Supreme Court case in support of his position. (Doc. 7-17 at pp. 61-62). The trial court found that this claim was precluded, under Alabama law, because it was not raised at trial or on direct appeal and because Burke failed to plead the claim with the required specificity. (Doc. 7-17 at p. 146). The Court of Criminal Appeals found that the claim could have been raised at trial; therefore, it was procedurally barred by Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure. (Doc. 7-19 at p. 8). Burke's claim in this Court on this ground fails because it is not based on a violation of federal law and because it was procedurally defaulted. *See Wilson*, 562 U.S. at 5; *James,* 2014 WL 4926178, at *6.

### F.  Actual Innocence

Burke alleges that he is entitled to § 2254 habeas relief in this Court because he is actually innocent of the crimes for which he was convicted and sentenced. (Doc. 1 at 14).  Burke initially raised his claim of actual innocence, based on state law, in his Rule 32 petition, arguing that the trial transcript "is replete with evidence of innocence. (Doc. 7-17 at p. 63). Burke did not set forth any newly discovered evidence that proved his innocence. (*Id*. at pp. 63-68, 146). The trial court dismissed the claim, noting that all of the facts cited by Burke were before the jury that found him guilty and concluding that the claim of actual innocence was precluded by Rule 32 of the Alabama Rules of Criminal

Procedure. The Alabama Court of Criminal Appeals likewise found that Burke's claim was procedurally barred by Alabama law as it was actually a challenge to the sufficiency of the evidence. (Doc. 7-19 at p. 8). Likewise, Burke's claim here fails for several reasons. First, as asserted, Burke's claim is a state law claim, not a federal one, and Burke never apprised the state courts that he was alleging any violation of federal law. *See Wilson*, 562 U.S. at 5; *Duncan*, 513 U.S. at 365-66. In addition, Eleventh Circuit precedent "forbids granting habeas relief based upon a claim of actual innocence, …at least in non-capital cases." *Jordan v. Sec'y, Dep't of Corr.,* 485 F.3d 1351, 1356 (11th Cir. 2007); *see Herrera v. Collins*, 506 U.S. 390, 400 (1993) (holding that no federal habeas relief is available for freestanding, non-capital claims of actual innocence). Finally, when an actual innocence claim is not barred by procedural default or untimely filing of the petition, the petitioner must present new reliable evidence of innocence that was not presented at trial to prevail. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012). Burke did not apprise any of the courts that he was asserting a violation of federal law nor did he present new evidence to support his claim of actual innocence.

## G.  Ineffective Assistance of Counsel

In the instant petition, Burke claims that he is entitled to habeas relief because he received ineffective assistance of counsel in the following respects: 1) counsel failed to request a change of venue; 2) counsel failed to subpoena a witness who allegedly failed to identify him in a photo line-up; and 3) counsel should have approached the police department to clear up the officer discretion charges because this would have prevented him from stating that he was guilty of something. (Doc. 1 at pp. 14-15). These three

claims of ineffective assistance of counsel were first raised in Burke's Rule 32 petition. (Doc. 7-17 at pp. 69-70). The trial court found that these claims were precluded because they were not raised at trial or on direct appeal. (Doc. 7-17 at p. 145). Burke raised all three of these claims in his appeal to the Alabama Court of Criminal Appeals. (Doc. 7-19 at p. 4). The Court of Criminal Appeals affirmed the trial court's summary dismissal of these claims, finding that they were not set forth with the specificity required under Rule 32 of the Alabama Rules of Criminal Procedure.

Rule 32.6(b) requires a Rule 32 petition to "contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." In the Eleventh Circuit, an Alabama court's summary dismissal of a federal constitutional claim, such as the Sixth Amendment right to counsel, for failure to comply with Rule 32.6(b), is considered an adjudication on the merits for purposes of habeas review. *See Frazier v. Bouchard*, 661 F.3d 519, 525-26 (11th Cir. 2011); *Borden v. Allen*, 646 F.3d 785, 816 (11th Cir. 2011); *Powell v. Allen*, 602 F.3d 1263, 1272-73 (11th Cir. 2010).

As discussed above, *supra* at pp. 6-8, if a petitioner's claim has been adjudicated on the merits in State court proceedings, a writ of habeas corpus may issue only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d).

Here, "the clearly established federal law is the *Strickland* analysis governing ineffective assistance of counsel claims." *Moody v. Thomas*, 89 F. Supp. 3d 1167, 1257 (N.D. Ala. 2015). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. To establish a violation of the Sixth Amendment, the petitioner bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *See Strickland,* 466 U.S. at 687. In *Strickland*, the Court explained:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Thus, to prevail, the petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Both prongs of the test must be satisfied for a habeas petitioner to succeed on a claim of ineffective assistance of counsel. *Id*.; *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004).

The first prong of *Strickland* requires "a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made

16

errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Butcher*, 368 F.3d at 1293 (citing *Strickland*, 466 U.S. at 687-89). With regard to the evaluation of counsel's performance, the *Strickland* Court held:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *See Michel v. Louisiana, supra*, 350 U.S., at 101, 76 S. Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689. The Eleventh Circuit has noted that "[t]here is a strong presumption that counsel's performance was reasonable and adequate," *Michael v. Crosby*, 430 F.3d 1310, 1320 (11th Cir. 2005), and this presumption is even stronger when the court is "reviewing the performance of an experienced trial counsel." *Id.* (citing *Callahan v. Campbell*, 427 F.3d 897, 933 (11th Cir. 2005)).

The second prong "requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher*, 368 F.3d at 1293 (citing *Strickland*, 466 U.S. at 687-89). "To establish prejudice, a petitioner must show 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). Because a petitioner must make both showings to succeed, "once a court decides that one of the requisite showings has not been made it need not decide whether the other

one has been." *Id*. (citing *Strickland*, 466 U.S. at 697). "If a [petitioner] cannot satisfy the prejudice prong, the court need not address the performance prong." *Duren v. Hopper,* 161 F.3d 655, 660 (11th Cir. 1998).

"This Court's inquiry on a § 2254(d) review is 'whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard.'" *Moody*, 89 F. Suppp. 3d at 1258 (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)). "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 562 U.S. at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id*. at 105 (internal quotation marks and citations omitted).

Here, the State court determined that Burke failed to set forth sufficient facts to make a showing that he was prejudiced by any failure on the part of his attorney. In support of his change of venue claim to the Alabama Court of Criminal Appeals, Burke alleged as follows:

> Petitioner Burke states that since he was a Pritchard [sic] police office his attorney should have requested a change of venue under § 15-2-20. There was a great deal of publicity prejudicial to Burke, see Luong v. State, 2013 Ala. Crim. App. Lexis 9. On page 87 it was evident that all persons knew about this case as it was on the news and in the newspapers; see also 142-143.

(Doc. 7-17 at p. 69). Page 87 of the trial transcript contained a discussion between Burke's trial counsel and a member of the jury venire in response to counsel's question asking the venire whether anyone remembered seeing anything on the local news about a Prichard police officer being arrested. (Doc. 7-17 at p. 74). One member of the venire stated that he remembered hearing something on the local news, and all that he could remember was that it involved drugs. (*Id*.). That member of the venire was struck so he did not sit as a juror. (*Id*. at p. 77).

The Court of Criminal Appeals found that Burke "made only the general allegation that there was a great deal of publicity about his case that caused him prejudice" and further found that "[h]e failed to set out any specific items of publicity and failed to allege how the publicity affected the jurors who heard his case." (Doc. 7-19 at p. 9). The Court supported its position, in part, by citing a United States Supreme Court case, *Sheppard v. Maxwell*, 384 U.S. 333 (1966), which held that a due process violation can be supported by a showing of "prejudicial publicity which saturates the community." *Id*. at 363. According to the portions of the trial transcript that were before the Alabama Court of Criminal Appeals, only one potential juror stated that he had heard anything about the case in response to questioning by Burke's attorney, and that person was struck and, therefore, did not sit on the jury. (Doc. 7-17 at p. 74).

With regard to the failure to subpoena a witness claim, Burke alleged: "Counsel should have subpoenaed DD Southall as he could not identify Burke in the photo lineup after the police described Burke to him. See Exhibits A and B and page 185. Southall's photo lineup mishap would had [sic] been impeached. On page 172. Atty. Hernandez should have subpoenaed Southall to testify." (Doc. 7-17 at pp. 69-70). Based on these

allegations, the Court of Criminal Appeals found that "Burke completely failed to allege the facts surrounding the lineup or plead why this failure on the part of counsel caused him prejudice under the Strickland standard." (Doc. 7-19 at p. 10).

Likewise, in alleging the officer discretion claim, Burke briefly stated: "On page 443. Counsel should have approached the Department to clear up the officer discretion charges. This would of [sic] prevented Burke from stating that he was guilty of something." (Doc. 7-17 at p. 70). In response to the allegations, the Court of Criminal Appeals found: "Burke failed to set out the full factual basis of this claim. He does not allege what actions counsel should have taken to clear up the officer discretion charges, allege what these charges were, or explain just what he told the interviewer." (Doc. 7-19 at p. 10).

In his § 2254 petition, Burke merely alleged: "… counsel should have asked for a change of venue since he were [sic] a police officer and all jurors would have already heard about the case. Counsel should have subpoenaed DD Southall as he could not identify Burke in the photo lineup after the police described Burke to him. Southall's photo lineup error would have been impeached. Counsel should have approached the Police Dept. to clear up officer discretion." (Doc. 1 at p. 15).

The Court of Criminal Appeals concluded, as to all three claims of ineffective assistance of counsel presented in the instant petition, that Burke failed to set forth facts to support his claim that his attorney's performance was unconstitutionally deficient or that he was prejudiced by the alleged inadequate performance. It is well-established that "'[c]onclusory allegations of ineffective assistance are insufficient.'" *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (quoting *United States v. Lawson*, 947 F.2d

849, 853 (7th Cir. 1991)). The Alabama Court of Criminal Appeals "reasonably rejected the claims of ineffective assistance of counsel because [Burke] failed to plead specific facts to support his claim." *See McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1343 (11th Cir. 2013). Simply stated, the Court of Criminal Appeal's decision was in line with the United State Supreme Court's decision in *Strickland,* which requires more than mere conclusory statements of deficient performance and prejudice resulting therefrom.

Having carefully reviewed the materials filed by Burke in support of his appeal to the Alabama Court of Criminal Appeals, the Court of Criminal Appeal's decision, and the petition filed herein, this Court finds that the Court of Criminal Appeal's decision affirming the trial court's denial of petitioner's Rule 32 petition as to his claims of ineffective assistance of counsel was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The record simply does not support a finding that petitioner's attorney's performance was so deficient, if deficient at all, that she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment nor does it support a finding that petitioner was prejudiced by his counsel's performance. *See Strickland*, 466 U.S. at 687. Accordingly, Burke's petition for a writ of habeas corpus on the basis of ineffective assistance of counsel is due to be denied.

## H. Errors by Trial Court in his Rule 32 Proceeding

Burke asserts that the trial court erred in its actions related to disposition of the Rule 32 petition he filed in state court. Specifically, he alleges that the trial court erred by failing to consider his response to the State's motion to dismiss his Rule 32 petition, by failing to grant him an evidentiary hearing on his Rule 32 petition, and by adopting the

21

State's proposed order verbatim. (Doc. 1 at pp. 15-16). The Eleventh Circuit "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) (citing *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v.* Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987)). Because a challenge to the collateral proceeding does not undermine the conviction itself, habeas relief pursuant to § 2254 is not an available remedy. *See id*. Moreover, such a claim involves an interpretation of the state's Rule 32 procedures, and Burke has not alleged that these procedures are violative of any federal law. Accordingly, this assignment of error also fails to provide a basis for relief under §2254.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on the merits of the alleged underlying constitutional claim, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel,* 529 U.S. 473, 484, 120

S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483–484, 120 S. Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). With respect to the claim raised by Petitioner herein, the undersigned recommends that the Court find that reasonable jurists could not debate whether his § 2254 habeas petition should be resolved in a different manner or that any of the remaining issues presented are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability as to any of the claims he has raised in his habeas corpus petition.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL

3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV. CONCLUSION

The undersigned Magistrate Judge finds that Burke is not "in custody in violation of the Constitution or laws or treaties of the United States," and accordingly, the undersigned **RECOMMENDS** that his request for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, be **DENIED**. Burke is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal

24

for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **15th** day of **June, 2017**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**